*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REUEL S. LONG,

Petitioner-Appellant,

v

TOWNSHIP OF PUTNAM,

Respondent-Appellee.

UNPUBLISHED
December 19, 2024
12:25 PM

No. 370113
Tax Tribunal
LC No. 23-002114

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Petitioner Reuel S. Long appeals as of right the judgment of the Michigan Tax Tribunal establishing the true cash value (TCV), state equalized value (SEV), and taxable value (TV) of his property for the 2023 tax year. We vacate the judgment and remand to the Tax Tribunal.

## I. FACTS

In 1982, petitioner purchased a seven-acre parcel of residential property in respondent Putnam Township. The parties do not dispute that at the time petitioner purchased the property, three duplexes were located on the property. The same three duplexes remained on the property at the time of respondent's 2023 assessment of the property.

In 2022, respondent assessed petitioner's property with a true cash value (TCV) of $466,722, a state equalized value (SEV) of $233,361, and a taxable value (TV) of $195,681. In 2023, respondent added a duplex to the description of petitioner's property and increased the assessment of petitioner's property to a TCV of $545,456, a SEV of $272,728, and a TV of $227,916. Respondent asserted that it had discovered that its assessment records of the property from 2017 to 2022 listed only two duplexes. Respondent later explained that in 1994, it had converted its property tax records to computerized records and at that time apparently had omitted one of the duplexes from petitioner's property description.

Petitioner challenged the 2023 assessment to respondent's Board of Review, which upheld the assessment. Petitioner then appealed the Board's decision to the Michigan Tax Tribunal, Small Claims Division. Petitioner contended that beginning in 1982, the property was assessed to include

the three duplexes and that there was never a year in which respondent reduced the assessment of his property to reflect only two duplexes. Petitioner contended that although respondent had produced evidence that it inadvertently removed the third duplex from the property description in 1994, respondent had not demonstrated that it reduced the assessed value of the property in 1994 to reflect the reduction of the property from three duplexes to two duplexes. Petitioner argued that when in 2023 respondent returned the third duplex to the property description, respondent added the value of the third duplex to the tax assessment even though the value of the third duplex had not been removed from the assessment in 1994. Moreover, respondent valued the third duplex at its current value, essentially "uncapping" the taxable value of the property.

Respondent contended that it added the third duplex to the assessment of petitioner's property as omitted property under MCL 211.34d. In support of this contention, respondent submitted property valuation reports from 2017–2022 showing that only two duplexes were attributed to the property in those years. Respondent did not present evidence demonstrating whether from 1982 through 1994 its assessment of petitioner's property had included the third duplex,[1] but respondent did contend that the third duplex was removed from the property assessment in 1994 when respondent computerized its records, suggesting that before 1994 the assessment included the third duplex. Respondent did not demonstrate whether, when the third duplex was removed in 1994, the assessment of petitioner's property was reduced accordingly by the value of the third duplex. Rather, the record suggests that respondent did not realize that it had removed the third duplex until 2022.

The Tax Tribunal's administrative law judge (ALJ) issued a proposed opinion and judgment accepting respondent's evidence as sufficient to establish that the third duplex had been omitted in the years 2017-2022 and concluding that after accounting for depreciation of certain generators, the adjusted TCV of the property for 2023 was $532,880, the SEV was $266,440, and the TV was $227,916. The ALJ reasoned that although petitioner had submitted evidence that the third duplex had existed since 1982, petitioner had not demonstrated that the third duplex previously had been included in the assessment.

Petitioner filed exceptions to the proposed opinion and judgment, contending there was no evidence that the value of the previously-included third duplex had been subtracted from the property's assessed value in 1994 or thereafter. The Tax Tribunal rejected petitioner's arguments, concluding that by submitting the valuation reports, respondent had demonstrated that the third duplex had not been included in the assessment from 2017 to 2022. In its final opinion and judgment, the Tax Tribunal adopted the assessment values, findings of fact, and conclusions of law of the proposed opinion and judgment. Petitioner now appeals.

II. DISCUSSION

---

[1] After the conversion to computerized records in 1994, respondent failed to preserve its pre-1994 tax assessment records, thereby making it impossible for respondent to access those records to support his position.

Petitioner contends that the Tax Tribunal erred by establishing the TCV, SEV, and TV of his property, which was based in part on the finding that the third duplex was omitted real property that increased the valuation of the property. We agree.

Absent fraud, we review a decision of the Michigan Tax Tribunal for misapplication of the law or adoption of a wrong principle. *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008). We deem the Tax Tribunal's factual findings to be conclusive if they are supported by "competent, material, and substantial evidence on the whole record." *Id.*, citing Const 1963, art 6 § 28. Substantial evidence is evidence that a "reasoning mind would accept as sufficient to support a conclusion." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 72; 964 NW2d 378 (2020) (quotation marks and citations omitted). The substantial evidence test, although not de novo review, nonetheless requires a thorough review that considers the entire record and not merely the portion of the record that supports the Tax Tribunal's decision. *Id.* at 71. Regarding matters of statutory interpretation, we review the Tax Tribunal's decision de novo. *Liberty Hill*, 480 Mich at 49.

Michigan's Constitution provides for the uniform taxation of property that is to be assessed not in excess of 50 percent of its true cash value. Const 1963, art 9, § 3; MCL 205.737(2). With respect to the calculation of taxable value, under Michigan law "a property's taxable value is determined by the lesser of (1) the property's current state equalized value or (2) the property's taxable value in the previous year, minus losses, multiplied by 1.05 or the inflation rate, plus all additions." *TRJ & E Props, LLC v Lansing*, 323 Mich App 664, 670; 919 NW2d 795 (2018), citing MCL 211.27a(2). This tax structure "caps" the increase in a property's taxable value to the lesser of the rate of inflation or 5%, until the taxable value of the property is uncapped by the transfer of the property. *Id.* at 671. In that regard, Const 1963, art 9, § 3 provides, in relevant part:

> For taxes levied in 1995 and each year thereafter, the legislature shall provide that the taxable value of each parcel of property adjusted for additions and losses, shall not increase each year by more than the increase in the immediately preceding year in the general price level, as defined in section 33[1] of this article, or 5 percent, whichever is less until the ownership of the parcel of property is transferred. When ownership of the parcel of property is transferred as defined by law, the parcel shall be assessed at the applicable proportion of current true cash value.

When a petitioner challenges the assessment of the petitioner's property, the Tax Tribunal ultimately has the duty to independently determine the true cash value of the property, and the tribunal may not automatically accept a taxing authority's determination of a property's value. *Menard, Inc v Escanaba*, 315 Mich App 512, 520; 891 NW2d 1 (2016). A petitioner challenging the assessment of a property's true cash value has the burden to establish the true cash value of the property, MCL 205.737(3), which includes "the burden of persuasion" and "the burden of going forward with the evidence;" the latter may shift to the assessing jurisdiction. *Menard, Inc*, 315 Mich App at 520.

With regard to a challenge to allegedly omitted real property, however, the assessing jurisdiction has the burden of proving that the omitted property was not previously included in the

assessment. MCL 211.34d(1)(b)(*i*); *City of Lansing v Angavine Holding, LLC*, 339 Mich App 210, 230; 981 NW2d 372 (2021). Omitted real property is defined by MCL 211.34d(1)(b)(*i*) as

> previously existing tangible real property not included in the assessment. Omitted real property does not increase taxable value as an addition unless the assessing jurisdiction has a property record card or other documentation showing that the omitted real property was not previously included in the assessment. The assessing jurisdiction has the burden of proof in establishing whether the omitted real property is included in the assessment. . . .

In this case, the Tax Tribunal concluded that respondent was permitted to add the third duplex and increase the assessment by the value of the duplex because respondent demonstrated that the third duplex was not included in the assessment from 2017 through 2022. In its final opinion, the Tax Tribunal stated, in relevant part:

> Petitioner also contends that the omitted property was assessed in 1982, but Respondent nevertheless has met its burden of proof that the third duplex was not assessed in any year from 2017 to 2022 by submitting the valuation reports showing the property was omitted from those assessments. Regardless of whether it was previously assessed, and regardless of when or how it stopped being assessed, Respondent had a duty to add that property to the assessment roll [MCL 211.1] and met its burden to demonstrate that the third duplex was property added as omitted property. The [Proposed Opinion and Judgment] correctly found that Petitioner did not submit any evidence of Respondent's purported failure to adjust the assessment at the time the property was purportedly removed from the tax roll. [Footnotes omitted.]

MCL 211.1 provides that "all property, real and personal, within the jurisdiction of this state, not expressly exempted, shall be subject to taxation." But although the third duplex is subject to taxation under MCL 211.1, the adding of omitted real property "does not increase taxable value as an addition unless the assessing jurisdiction has a property record card or other documentation showing that the omitted real property was not previously included in the assessment." MCL 211.34d(1)(b)(*i*). Under the Tax Tribunal's reasoning, an assessing jurisdiction can remove property from an assessment, then add it in a later year as omitted property, using the property card from the year in which the property was removed as ostensible proof that the removed property was "not previously included in the assessment," and assess the "omitted" property at current value, thereby essentially uncapping the taxable value of the property.

Here, respondent presented evidence that the third duplex was not specifically included in the assessment from 2017 through 2022. Respondent did not demonstrate, however, that the third duplex "was not previously included in the assessment," as required by MCL 211.34d(1)(b)(*i*), nor that respondent's inadvertent removal of the third duplex from the description of petitioner's property in 1994 was accompanied by a removal of the value of the third duplex from the assessed value of petitioner's property. On the contrary, the evidence suggests that the third duplex was previously included in the assessment of petitioner's property, or else it could not have been removed in 1994. But while the third duplex allegedly disappeared from the assessment,

respondent did not demonstrate that the value of the removed third duplex also disappeared from the assessment.

In addition, contrary to the Tax Tribunal's finding that, "Petitioner did not submit any evidence of Respondent's purported failure to adjust the assessment at the time the property was purportedly removed from the tax roll," the burden was on respondent, not petitioner, to demonstrate that "the omitted real property was not previously included in the assessment." Moreover, the records that could establish whether respondent adjusted the assessment at the time the property was removed from the tax roll was within the control of respondent, but respondent destroyed it after the computerization of the tax assessment records in 1994.

To summarize, under MCL 211.34d(1)(b)(*i*), omitted real property "does not increase taxable value as an addition unless the assessing jurisdiction has a property record card or other documentation showing that the omitted real property was not previously included in the assessment." The burden of establishing that omitted real property was not previously included in the assessment is squarely upon the assessing jurisdiction. MCL 211.34d(1)(b)(*i*). Respondent presented evidence that the third duplex was not specifically included in its assessment of petitioner's property in 2017 through 2022, but did not present evidence that when the third duplex was removed from the tax roll in 1994, the value of the third duplex also was removed from the assessment. Because respondent did not demonstrate that the third duplex was not previously included in the assessment, the tribunal's factual findings in this regard are not supported by competent, material, and substantial evidence on the whole record, and therefore are not conclusive. See *Wilson v Grand Rapids*, 345 Mich App 484, 490; 7 NW3d 87 (2023). While the third duplex in this case can be added as omitted property, it cannot increase the taxable value of petitioner's property as an addition. MCL 211.34d(1)(b)(*i*).

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford